## Kyle *v.* Hayward and Others.

The Court should not change its record without giving a hearing to the party resisting the change, where a hearing is asked.

APPEAL from the *Delaware* Circuit Court.

Perkins, J.—On the 3d of *May*, 1856, *Kyle* filed his complaint against *Hayward, Pollock*, and others, to obtain a title to real estate.

The defendants answered; the cause was argued; and, at the *September* term, 1857, before any decision was announced, the Court permitted the important papers in the cause (says the record) to be withdrawn by the plaintiff, as would be inferred, for the purpose of another suit, and thereupon the following judgment was entered of record:

"The parties by counsel come; and the Court having heard the argument of counsel, said plaintiff suffers a nonsuit in this cause. It is therefore considered by the Court

May Term, 1860.

KYLE
v.
HAYWARD.

that said defendants recover of said plaintiff their costs in this behalf expended."

No exception appears to have been taken, nor motion made touching this judgment, at said *September* term, nor at the succeeding spring term of the Court.

At the *September* term, 1858, a notice was given, and a complaint filed to obtain an expunging of the judgment as rendered above, and the substitution of another and different judgment, one upon the merits of the entire cause. The defendants, without full appearance, moved to quash the notice, whereupon proof in relation to service of it was made. The defendants then asked leave to demur to the complaint, but the Court refused permission. They then asked leave to answer, but the Court denied the privilege, and proceeded to expunge the judgment, rendered more than a year, as it seems, before, and substitute in place thereof a judgment upon the merits of the cause, forever barring the plaintiff's right to perfect his title.

We have great doubts about the power of the Court to thus change the records, in so important a matter, after so long delay. See *McDonald* v. *Watkins*, 4 Ark. R. 624; S. C., Kinney's Compendium, 1843, p. 260; *Woolley* v. *Woolley*, 12 Ind. R. 663.

But this point has not been sufficiently discussed to justify us in deciding it.

We are satisfied that, even were it in the power of the Court to make such change, the power should not be exercised without giving the defendants a hearing, where a hearing is asked.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T. J. Sample*, for the appellant.

*W. March*, for the appellees.